```
               UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA
_____

MICHELLE HAMILTON                    :
                                     :    No.:
     v.                              :
                                     :
ALBERT EINSTEIN HEALTHCARE NETWORK   :    JURY TRIAL DEMANDED
t/a EINSTEIN HEATHCARE NETWORK       :
_____
```

CIVIL ACTION COMPLAINT

COMES NOW, Plaintiff, by counsel, and complains of defendant as follows:

JURISDICTION

1. This matter has federal jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, et seq. This Complaint has been filed within 90 days after issuance of a Notices of Right to Sue by the EEOC which occurred on August 6, 2021.

PARTIES

2. Plaintiff Michelle Hamilton, is an adult individual who resides at 402 Lynrose Court, King of Prussia, PA 19406.

3. The defendant, Albert Einstein Healthcare Network t/a Einstein Healthcare Network, is a non-profit corporation which is licensed to transact business in the Commonwealth of Pennsylvania

with a principal place of business located at 5501 Old York Road, Philadelphia PA 19141, which is in this Judicial District in Philadelphia County, PA.

4. At all times material hereto, defendant employed hundreds of people in the Commonwealth of Pennsylvania.

## FACTS

### Plaintiff's Religious Beliefs

5. At all times material hereto, plaintiff's religion was Jehovah's Witnesses.

6. Plaintiff has been a member of the Jehovah's Witnesses since about May 27, 2000.

7. Plaintiff attends church services every week at Kingdom Hall of Jehovah's Witnesses in Wayne, PA and she has been active in various church programs over the past 21 years including preaching and witnessing work.

### Plaintiff's Employment

8. Plaintiff became a certified medical assistant in about June 1996.

9. Plaintiff commenced employment with defendant in about January 2005 as part of defendant's Central Processing Department as a per diem laboratory assistant and was moved to full time in about 2006/2007, and most recently voluntarily

moved back to per diem in 2009 when she returned to school to pursue a nursing degree.

10. As a per diem, plaintiff and all other per diem laboratory assistants were working all hours that they desired depending upon their schedules and availability of work.

11. Sasha Voshe (non-Jehovah's Witness) became plaintiff's supervisor in about 2014 when she became Director of all laboratories.

12. Prior to 2014, Ms. Voshe mentioned having a bad experience with Jehovah's witnesses and that she did not like them.

13. At all times material hereto, plaintiff's lead was Christine Lagore (non-Jehovah's Witness, Lead Tech), commented to plaintiff that "Your gang was at my door."

14. Ms. Lagore had control of plaintiff's work hours and wages as a per diem laboratory assistant in that she controlled nighttime scheduling of the individual per diem laboratory assistants and thus had control of plaintiff's work hours and wages as a per diem laboratory assistant.

15. Peggy Wichowski (non-Jehovah's Witness, Supervisor) controlled daytime scheduling of the individual per diem laboratory assistants and thus had control of plaintiff's work hours and wages as a per diem laboratory assistant.

16. Plaintiff has been the only per diem laboratory assistant under Ms. Wichowski's, Ms. Lagore's and Ms. Voshe's supervision who was a Jehovah's Witness.

17. Starting in 2017, Ms. Wichowski, Ms. Lagore and Ms. Voshe reduced plaintiff's weekly work hours significantly.

18. By 2019, her scheduled weekly work hours were reduced by 85% as compared to 2016.

19. During the time-period between 2017 and 2019 in which plaintiff's schedule was reduced (hereinafter referred to as "the time period"), she applied for other promotions with defendant in the hope of increasing her work hours, but she was denied an opportunity for an interview by Ms. Voshe.

20. During this same time period, other per diems (all non-Jehovah's Witnesses) were given more hours and/or were put in full-time positions.

21. On October 28, 2019, plaintiff filed a claim of discrimination with the EEOC claiming religious discrimination—specifically, plaintiff claimed that she was singled out for reduced work hours because of her religious beliefs.

22. Defendant thereafter began to increase plaintiff's hours after receiving notice of plaintiff's claims in an effort to cover up their continued discrimination.

23. Defendant's actions of increasing plaintiff's work hours support plaintiff's claims that defendant intentionally

targeted plaintiff for reduced work hours during the time period set forth herein above.

24. As said, plaintiff contends that she was targeted for reduced work hours due to her religious beliefs.

25. Plaintiff's work hours were never thereafter consistently raised to the same level as the other per diem laboratory assistant.

26. In addition, plaintiff is still denied the opportunity for promotion to a full-time position—most recently in about May/June 2021 when she applied for the position of Lead Lab Assistant.

27. This position was given to another former per diem per laboratory assistant who was promoted three times since about 2017— she was promoted from per diem to part-time to full-time to Lead on only 4 years, while plaintiff was denied an interview for all promotions.

28. On November 19, 2020, she received the first negative evaluation in nearly 16 years as an employee with defendant.

29. The evaluation was prepared by Ms. Wachowski based upon false and misleading information.

30. In about December 2020, plaintiff filed a complaint with the EEOC claiming retaliation by way of the poor review.

31. Plaintiff believes that the poor review was devised to support defendant's refusal to promote plaintiff.

32. Defendant acted by and through its agents, including but not limited to Ms. Wichowski, Ms. Lagore and Ms. Voshe who had authority to increase or decrease assigned work hours, hire, fire, and/or discipline plaintiff.

## COUNT 1
## TITLE VII-- RELIGIOUS DISCRIMINATION

33. Plaintiff repeats paragraphs 1-32 as if more fully set forth herein.

34. Plaintiff's religious beliefs was a motivating factor in defendant and its agent's decision to reduce plaintiff's work hours.

35. By and through its conduct, defendant violated Title VII by intentionally discriminating against plaintiff and by treating her in a disparate manner as compared to similarly situated employees of other religions because of her religious beliefs— Jehovah's Witnesses.

WHEREFORE, plaintiff demands that judgment be entered in her favor on Count 1 against defendant for lost pay, lost bonuses, lost benefits, other financial losses, compensatory damages for emotional pain and suffering, punitive damages, attorneys' fees, costs, interest, and any other relief that this Honorable Court deems to be fair and proper.

COUNT 2
TITLE VII-- RELIGIOUS DISCRIMINATION

36. Plaintiff repeats paragraphs 1-35 as if more fully set forth herein.

37. Plaintiff's religious beliefs were a motivating factor in defendant's and its agent's decision to deny plaintiff a promotion.

38. By and through its conduct, defendant and its agents violated Title VII by intentionally discriminating against plaintiff and by treating her in a disparate manner as compared to similarly situated employees of other religions because of her religious beliefs— Jehovah's Witnesses.

WHEREFORE, plaintiff demands that judgment be entered in her favor on Count 2 against defendant for lost pay, lost bonuses, lost benefits, other financial losses, compensatory damages for emotional pain and suffering, punitive damages, attorneys' fees, costs, interest, and any other relief that this Honorable Court deems to be fair and proper.

COUNT 3
TITLE VII-- RETALIATION

39. Plaintiff repeats paragraphs 1-38 as if more fully set forth herein.

40. Defendant intentionally retaliated against plaintiff in response to her complaints of religious discrimination by denying her a promotion and an opportunity for promotion.

41. By and through its conduct, defendant violated Title VII by intentionally retaliating against plaintiff because she made a good faith complaint of religious discrimination.

WHEREFORE, plaintiff demands that judgment be entered in her favor on Count 3 against defendant for lost pay, lost bonuses, lost benefits, other financial losses, compensatory damages for emotional pain and suffering, punitive damages, attorneys' fees, costs, interest, and any other relief that this Honorable Court deems to be fair and proper.

/s/ Samuel A. Dion
_____
Samuel A. Dion, Esq.
Dion & Goldberger
1845 Walnut Street, Ste. 1199
Philadelphia, PA 19103
215-546-6033 (tel)
215-546-6269 (fax)
samueldion@aol.com
Attorneys for Plaintiff