IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHELLE HAMILTON**<br>Plaintiff,<br><br>v.<br><br>**ALBERT EINSTEIN HEALTHCARE NETWORK**<br>Defendant. | **CIVIL ACTION NO. 2:21-cv-03655** |

### MEMORANDUM OF LAW

**Baylson, J.**                                                                                                       **February 10, 2022**

### I.    INTRODUCTION

Plaintiff Michelle Hamilton ("Plaintiff") brings two claims of religious discrimination under Title VII of the Civil Rights Act of 1964 against her employer, Defendant Albert Einstein Healthcare Network ("Defendant").  In her first count of religious discrimination, Plaintiff seeks damages for lost pay among other ancillary damages.  In her second count of religious discrimination, Plaintiff avers her religious beliefs caused her not to be promoted.  Defendant moves for partial dismissal under FED. R. CIV. P. 12(b)(6) arguing Plaintiff failed to administratively exhaust her second claim of religious discrimination, her failure to promote claim, because Defendants argue Plaintiff never filed a failure to promote charge with the United States Equal Employment Opportunity Commission ("EEOC") nor any other applicable agency.

### II.    RELEVANT FACTUAL ALLEGATIONS

On October 28, 2019, Plaintiff filed a charge of religious discrimination with the EEOC, which was cross-filed with the City of Philadelphia's Commission of Human Relations ("PCHR") (the "EEOC Charge").  ECF No. 7, Ex. A.  Plaintiff's EEOC Charge reads, in relevant part:

> My employment started in January 2005 and I work in Central
> Processing.  Beginning in 2017 my supervisor stopped scheduling

1

> me although Per Diem employees are required to be scheduled at least 2 days per pay period. It should be noted that people hired after me have been regularly scheduled, and in some cases even promoted to part or full time, while I have been forced to apply for unemployment. I do cover some shifts for my coworkers, which allows me to remain on payroll, but my supervisor always states that there are not hours available when I request to be scheduled. I believe I am being targeted due to my protected religion status, Jehovah's Witness.
>
> . . . .
>
> I believe that I am being discriminated against . . . because I am being subjected to less favorable terms and conditions of employment than Per Diem employees outside of my protected class.

ECF 7, Ex. A. Plaintiff alleged this discrimination occurred between November 16, 2018 and October 28, 2019, and Plaintiff also checked the box for "continuing action." ECF 7, Ex. A.

On December 5, 2020, Plaintiff filed a charge with the PCHR, cross-filed with the EEOC, in which she alleged she received "a negative evaluation in retaliation for filing a complaint of discrimination," (the "Second EEOC Charge").[1] ECF 7, Ex. B.

On November 17, 2021, Plaintiff filed her First Amended Complaint. ECF No. 5, "Am. Compl." Plaintiff set forth two claims of religious discrimination:

1. In Count I, Plaintiff brought a loss wages claim, alleging her entitlement to "lost pay, lost bonuses, lost benefits, [and] other financial losses" because her status as a Jehovah's Witness was "a motivating factor in [Defendant's] decision to reduce Plaintiff's work hours." Am. Compl. ¶¶ 43–44.

---

[1] Plaintiff does not predicate any of her Amended Complaint's claims on her Second EEOC Charge. Pl. Resp. at 2 n.1. Therefore, the Second EEOC Charge is not considered in this Memorandum.

2

2. In Count II, Plaintiff brought a failure to promote claim, alleging her entitlement to the same financial loss damages because her religious beliefs motivated Defendant to "deny [P]laintiff ***promotions since November 16, 2018***." Am. Compl. ¶¶ 45–46 (emphasis in original).

In support of her failure to promote claim, Plaintiff alleged that "between November 16, 2018 and September 17, 2019 all other per diem laboratory assistants (non-Jehovah's Witness[es]) had been promoted" but plaintiff had not been "despite making it clear to management that she wanted to be promoted. Am. Compl. ¶ 30. Plaintiff also alleged that on two occasions she was not granted an interview for positions she applied for: once on September 18, 2019 (Am. Compl. ¶ 31) and once for the Lead Lab Assistant position that in "May/June 2021" was given to a per diem, non-Jehovah's Witness, employee. Am. Compl. ¶¶ 32–33.

On December 1, 2021, Defendant moved to dismiss only Count II of Plaintiff's Amended Complaint pursuant to FED. R. CIV. P. 12(b)(6) (the "Motion"). ECF No. 7.

### III. LEGAL STANDARD

In considering a motion to dismiss under Rule 12(b)(6), the Court "accept[s] all factual allegations as true [and] construe[s] the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (internal quotations and citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Although a court must accept as true all factual allegations contained in a complaint, this requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. Iqbal, 556 U.S. at 678. "Threadbare recitals of

the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555); see also Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (citing Twombly, 550 U.S. at 556 n.3) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests.")). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

IV. **PARTIES' CONTENTIONS**

    A. **Defendant's Arguments in Support of its Partial Motion to Dismiss**

Defendant argues Count II of the Amended Complaint, Plaintiff's failure to promote claim, should be dismissed because Plaintiff failed to exhaust her administrative remedies on this claim. Mot. at 7. Defendant argues this claim was not administratively exhausted before Plaintiff pled it in her Amended Complaint because Plaintiff never filed a charge regarding this alleged act with an administrative agency, such as the EEOC or PCHR. Mot. at 4–5. And Defendant contends the language in Plaintiff's EEOC Charge—that people hired after Plaintiff were promoted to part or full time—did not place Defendant on sufficient notice of Plaintiff's failure to promote claim; it only placed Defendant on notice of Plaintiff's loss wages claim. Mot. at 4–5.

    B. **Plaintiff's Arguments in Opposition to the Motion**

Plaintiff concedes, "[b]ecause of the lack of details in the [EEOC] Charge, the assertion that [Plaintiff] was denied promotions as compared to other similarly situated employees is not clearly detailed." ECF No. 8, Pl. Resp. at 1. But Plaintiff argues her failure to promote claim can be inferred from the language in the EEOC Charge because a "close nexus" exists between the

facts supporting the discriminatory acts alleged in the EEOC Charge and the factual allegations about her failure to promote in the Amended Complaint. Pl. Resp. at 5 (citing Howze v. Jones and Laughlin Steel Corp. 750 F.2d 1208, 1212 (3d Cir. 1984).

Plaintiff also argues her failure to promote claim survives dismissal because she marked the EEOC Charge's discriminatory action as "continuing" so "the later denial of [] promotions in 2019 and 2021 would reasonably be part of the EEOC [Charge]." Pl. Resp. at 5.

## V. ANALYSIS

### A. Exhaustion of Administrative Remedies

Before bringing an action under Title VII, plaintiffs must file a charge of discrimination with the EEOC or PHRC, respectively. Hicks v. ABT Assocs., Inc., 572 F.2d 960, 963 (3d Cir. 1978) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) ("The filing of a charge with the [EEOC] by an aggrieved party and the receipt of a notice of the right to sue are jurisdictional prerequisites to a civil action under Title VII."). If the EEOC, or respective administrative agency, is "unable to resolve the matter informally, it notifies the aggrieved party of his right to file a civil action in the district court." Ostapowicz v. Johnson Bronze Co., 541 F.2d 394, 398 (3d Cir. 1976). Receipt of this right-to-sue notice indicates a complainant exhausted her administrative remedies on the discrimination claims included in that charge and can proceed into court. Burgh v. Borough Council of Borough of Montrose, 251 F.3d 465, 470 (3d Cir. 2001); Oliphant–Johns v. City of Philadelphia, 2002 WL 31819630, at *3 (E.D. Pa. Dec. 13, 2002) ("Before a claim can be considered exhausted, it must have been included in the plaintiff's charge with the administrative agency."). If the discrimination contained in a plaintiff's charge is not explicitly the same type of discrimination contained in his lawsuit, the test to determine administrative exhaustion of the charge's discrimination turns on whether "the acts alleged in the

5

subsequent suit are fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom." Waiters v. Parsons, 729 F.2d 233, 237 (3d Cir. 1984).

Plaintiff argues the language in her EEOC Charge—that "people hired after me have been regularly scheduled, and in some cases promoted to part or full time—made Defendants "reasonably aware" of her failure to promote claim. This argument does not pass muster. The phrase "people hired after me have been regularly scheduled, and in some cases promoted" does not sufficiently allege religious discrimination resulting in Plaintiff's failure to be promoted such that Defendant can be said to have been noticed of Count II. Plaintiff's EEOC Charge does not aver she ever applied for any promotions, that she was ever denied a promotion, or that the other employees she references were given promotions *over her*. See Taylor v. Brandywine School. Dist., 202 Fed. Appx. 570, 575 (3d Cir. 2006) (plaintiff did not demonstrate a discriminatory act of failure to promote because she did not identify a job title of the position for which she applied and was rejected, what the position entailed, when it became available, and whether she applied for it at all). The only acts Plaintiff's EEOC Charge alleges are that other employees were scheduled regularly, whereas Plaintiff was not. This scheduling disparity only provided the grounds for Plaintiff's religious discrimination claim for lost wages (Count I). Facts in Plaintiff's Amended Complaint underpinning her failure to promote claim—that she was not promoted to positions for which she applied in September 2019 and May/June 2021—were not "within the scope" of her EEOC Charge for two reasons: (i) they were not alleged anywhere in that charge; and (ii) Plaintiff's Amended Complaint never averred her failure to promote claim arose out of the EEOC's investigation into her loss wages claim. Because her alleged failure to be promoted is not "fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom" Plaintiff did not exhaust her administrative remedies on her failure to promote claim (Count II).

B.     The Continuing Violation Doctrine

Before filing suit, a plaintiff in a deferral state, such as Pennsylvania, must file a charge of discrimination within the EEOC's statutory time period, three hundred (300) days from the date of the alleged discriminatory act. 42 U.S.C. § 2000e-5(e)(1). In some instances, a plaintiff may toll the EEOC's 300-day statutory period through use of the continuing violations doctrine which can afford plaintiffs recovery for discriminatory acts that occurred outside of the 300-day window. However, the continuing violation doctrine does not apply to Plaintiff's failure to promote claim here because an alleged failure to promote is a discrete, and now time-barred, act. Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002); Johnson v. City of Phila., No. 16-3651, 2016 WL 723502. At *2 (E.D. Pa. Dec. 8, 2016) (J. Baylson) ("The Supreme Court has been clear that 'discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges' and that the failure to promote is an example of such a 'discrete discriminatory act.'").

Plaintiff's Amended Complaint alleges two instances of a failure to promote: one occurring on September 18, 2019 (Am. Compl. ¶ 31) and the other occurring in "May/June 2021". Am. Compl. ¶¶ 32–33. Plaintiff argues because she remained employed by Defendant while her EEOC Charge was under investigation and because she "checked the box" on her EEOC Charge to notate the discrimination contained therein was a "continuing action", that "the later denial of the promotions in 2019 and 2021 would reasonable be part of the EEOC investigation of [the] EEOC Charge." Pl. Resp. at 5. Plaintiff's argument is incorrect. The Supreme Court and Third Circuit have made clear that discrimination resulting in an employee's failure to be promoted is a discrete act of discrimination which must be separately alleged in a new EEOC Charge. Nat'l R.R., 536 U.S. at 114; Noel v. The Boeing Co., 622 F.3d 266, 270 (3d Cir. 2010); McCann v. Astrue, 293

Fed. Appx. 848, 850 (3d Cir. 2008) ([The continuing violation] doctrine. . . only applies when the alleged discriminatory acts are not individually actionable, but when aggregated may make out a hostile work environment claim.  The law makes clear that discrete discriminatory acts that are actionable on their own may not be aggregated under a continuing violation theory.").

### C. The EEOC's Three Hundred (300) Day Limit

"A discrete retaliatory or discriminatory act 'occurred' on the day that it 'happened.'  A party, therefore, must file a charge within either 180 or 300 days of the date of the act or lose the ability to recover it."  Nat'l R.R., 536 U.S. at 110.  Plaintiff alleges she was denied a promotion on September 18, 2019.  Am. Compl. ¶ 31.  Because Plaintiff failed to file a EEOC Charge regarding this alleged discriminatory act within three-hundred days of September 18, 2019, and because Count II is not considered "within the scope of" Plaintiff's EEOC Charge, Plaintiff lost her right to recovery regarding Defendant's alleged failure to promote her in September 2019.

However, Plaintiff also alleges she was denied a promotion in "May/June 2021" because of her religion as a Jehovah's Witness.  Am. Compl. ¶¶ 32–33.  Although this Court rules Plaintiff lost her right to recovery on her September 2019 promotion loss, her May/June 2021 alleged promotion loss is not within the scope of Plaintiff's EEOC Charge and was not individually charged, this ruling does not prevent Plaintiff from filing a new charge with the EEOC for this May/June 2021 act.  Applying the EEOC's three-hundred-day statutory period to Plaintiff's "May/June 2021" allegation, it may be possible that Plaintiff may file a timely charge of discrimination with the EEOC before February 25, 2022 (three hundred days after May 1, 2021) or March 28, 2022 (three hundred days after June 1, 2021).

### VI. CONCLUSION

For the reasons set forth above, Defendant's Partial Motion to Dismiss Count II is **GRANTED without prejudice**.  An appropriate Order follows.

O:\CIVIL 21\21-3655 Hamilton v. Albert Einstein Healthcare Network\21cv3655 Memo Granting Part. MTD ECF 7.docx